UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STACEY RAY STACH,

    Plaintiff,

v.

BILL ELFO et al.,

    Defendants.

Case No. 08-cv-1199-JLR-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Stacey Ray Stach, a state inmate, is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action against Whatcom County Jail personnel Bill Elfo, Wendy Jones, Mark Raymond, and Joyce Pearson. Dkt. No. 6. The present matter comes before the Court on Defendants' motion to dismiss for failure to exhaust administrative remedies. Dkt. No. 18. After careful consideration of the motion, Plaintiff's opposition, the governing law and the balance of the record, the Court recommends that Defendants' motion to dismiss be GRANTED IN PART and DENIED IN PART.

## II. FACTS AND PROCEDURAL HISTORY

A. <u>Plaintiff's Claims</u>

Plaintiff's amended complaint centers on Eighth Amendment deliberate indifference and cruel and unusual punishment claims against Defendants, which allegedly arose during

REPORT AND RECOMMENDATION
PAGE - 1

Plaintiff's pretrial confinement at the Whatcom County Jail ("the Jail") from October 2006 to July 2007. Dkt. No. 6. In his amended complaint and attached declaration, Plaintiff complains of, *inter alia*, inmate overcrowding, unsanitary conditions, poor ventilation, lack of recreation time, only one change of clothing every seven to ten days, denial of medical treatment and medication, moldy food, and being subjected to the threat of violence. *Id.* Plaintiff also alleges Defendants denied him access to the Jail's law library and denied his speedy trial rights. *Id.*

B. Plaintiff's Grievances

Plaintiff asserts that he was denied the appropriate forms for submitting his grievances at the Jail. *Id.* He also contends that some grievances are not filed or logged by Jail officials, and that some grievances are simply ignored or "thrown away." Dkt. Nos. 22; 22-3. Plaintiff alleges that he requested grievance forms repeatedly, but unsuccessfully, and that he therefore submitted handwritten grievances on blank sheets of paper which were presented to and accepted by officers at the Jail. *Id.* Plaintiff has submitted copies of those grievances with his opposition to Defendants' motion to dismiss. *See* Dkt. No. 22-3.

Plaintiff's first grievance is dated February 17, 2007 and is addressed to Defendants Jones and Raymond. Dkt. No. 22-3 at 3. In his grievance, Plaintiff protests not being allowed to "write a grievance" about a clogged shower drain, broken sinks, poor ventilation, and the lack of recreation time and changes of clothes. *Id.* Plaintiff also states, "No Law Library." *Id.* In addition, Plaintiff asserts, "you refuse to address or bring grievance forms," and contends that Defendants "[throw] away all our grievance[s] so your negligence can continue not [add]ressing these issues." *Id.*

Plaintiff's second grievance is dated March 2, 2007 and is also addressed to Defendants Jones and Raymond. Dkt. No. 22-3 at 4. Plaintiff again takes issue with the clogged shower drain, lack of recreation time and changes of clothes, and "no law library." *Id.* Plaintiff also asks why Jail officers will not bring him proper grievance forms. *Id.*

1     Plaintiff's third grievance, dated March 7, 2007 and also addressed to Defendants Jones
2  and Raymond, complains of the clogged shower drain, refusal of medical treatment and
3  medication by Defendant Pearson, and the lack of recreation time and changes of clothes. Dkt.
4  No. 22-3 at 5. In addition, Plaintiff protests not being provided grievance forms, and asks,
5  "why are you denying my grievances[?]" *Id.*

6     Plaintiff's fourth grievance is dated April 15, 2007. Dkt. No. 22-3 at 6. The grievance
7  is addressed to Defendants Jones and Raymond and Whatcom County Jail. *Id.* Plaintiff states
8  that he is "giving notice [that] I am filing lawsuit [for] your refusing [to provide redress for]
9  my issues." *Id.* Plaintiff states that he has requested grievance forms "10 [times]" for the
10 "deprivation of maintenance, medical, recreation only 1hr every 10 days, 1 change of clothing
11 every 7 to 10 days." *Id.* Plaintiff also complains of the broken sinks and plugged shower
12 drain. *Id.* In addition, Plaintiff states that "nobody logs my grievances," "none of [my]
13 grievance[s] have been answered," and asks, "how come I am being denied [a] proper way to
14 file grievances 4 months now[?]," and "why [do] you refuse to answer grievance[s] about
15 anything [] with [the] Jail[?]" *Id.*

16    Plaintiff was allegedly provided a grievance form for the first time in May 2007, Dkt.
17 No. 22-3, and on May 24, 2007, Plaintiff submitted a grievance form that complained of his
18 legal mail being opened by Jail staff members, Dkt. No. 20 at 18. This issue was apparently
19 corrected by the Jail staff and it is not a subject of Plaintiff's lawsuit. This particular grievance
20 was noted in the Jail's "Grievance Notification Form Issue log" ("the grievance log"), Dkt. No.
21 20 at 10, but it appears from the record that this is the only grievance of Plaintiff's that was
22 entered into the grievance log, as Plaintiff's four prior grievances that were handwritten on
23 blank sheets of paper are not noted. *See* Dkt. Nos. 20; 22-3.

24        C.     Procedural Background

25    Plaintiff filed his original § 1983 complaint on August 11, 2008. *See* Dkt. No. 1.
26 Plaintiff initially named Wendy Jones, Whatcom County Jail, Mark Raymond, Joyce Pearson,

REPORT AND RECOMMENDATION
PAGE - 3

Whatcom County Jail Mental Health and Medical Department, Whatcom County, Whatcom County Sheriff's Department and Bill Elfo as defendants. Dkt. No. 4. Plaintiff subsequently filed an amended complaint on September 15, 2008 which named only Bill Elfo, Wendy Jones, Mark Raymond, and Joyce Pearson as defendants. Dkt. No. 6. On October 20, 2008, Defendants Elfo, Jones, Raymond, and Pearson moved to dismiss Plaintiff's amended complaint for failure to exhaust administrative remedies. Dkt. No. 18. Plaintiff filed a response opposing the motion, Dkt. No. 22, but Defendants did not file a reply brief. However, on March 6, 2009, Defendants did submit an additional case citation in support of their motion to dismiss, citing to the Ninth Circuit's recent decision in *Griffin v. Arpaio*, 2009 U.S. App. LEXIS 4818 (9th Cir. Mar. 5, 2009). Dkt. No. 32. Defendants' motion to dismiss is now ripe for consideration by the Court.

### III. DISCUSSION

A. <u>Plaintiff Has Exhausted Most of his Claims Against Defendants</u>.

Defendants bring their motion to dismiss based solely on the grounds that Plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"). The PLRA expressly provides that, "[n]o action shall be brought with respect to prison conditions under [section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Those remedies "need not meet federal standards, nor must they be plain, speedy, and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to suit. *Id.*; *Booth v. Churner*, 532 U.S. 731, 741 (2001). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt v.*

1   *Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (citing *Ritza v. Int'l Longshoremen's &*

2   *Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988)).

3        Here, Plaintiff has established that, with respect to most of his claims, he exhausted his

4   administrative remedies at the Whatcom County Jail to the extent they were available to him.

5   He asserts that he was repeatedly denied the proper forms for submitting grievances at the Jail,

6   Dkt. No. 6, but that he nonetheless submitted handwritten grievances on blank sheets of paper

7   which were accepted by officers at the Jail, Dkt. Nos. 22; 22-3. Plaintiff has submitted copies

8   of those four grievances to the Court. *See* Dkt. No. 22-3. Petitioner does not know what

9   happened with his four grievances once they were submitted to Jail officials, but he alleges that

10  grievances are often not filed or logged by Jail officials, and that some grievances are simply

11  ignored or discarded. Dkt. Nos. 22; 22-3.

12       Defendants do not provide any argument or evidence to refute these claims; indeed,

13  Defendants do not deny that Plaintiff submitted four grievances on sheets of paper to Jail

14  officials. Defendants assert only that Plaintiff knew how to use the proper grievance procedure

15  at the Jail because he did so with respect to this May 2007 grievance regarding his legal mail

16  being opened. Defendants also point to the Jail's grievance log and correctly note that only

17  Plaintiff's form grievance regarding his legal mail being opened is noted in the grievance log.

18  Therefore, Defendants conclude, because Plaintiff's other four grievances are not included in

19  the grievance log, he did not "utilize the grievance process for any of the issues which are

20  presently involved in his Complaint." Dkt. No. 20 at 2.

21       But Defendants' conclusion totally ignores Plaintiff's allegations that he was repeatedly

22  denied proper grievance forms; that he nevertheless submitted four grievances on blank sheets

23  of paper to Jail officials; that nothing happened with respect to his four grievances thereafter;

24  and that grievances at the Jail are often not filed or logged, and that some grievances are

25  simply ignored or discarded. Dkt. Nos. 6; 22; 22-3. In view of these allegations, as well as the

26  copies of Plaintiff's four grievances submitted to the Court, the Court cannot conclude that

Plaintiff failed to exhaust his administrative remedies for most of his claims.[1] Plaintiff has shown that he exhausted his administrative remedies at the Jail to the extent they were available to him. *See* 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under [section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted.") (Emphasis added.) Indeed, Defendants cannot effectively prevent, frustrate, or otherwise ignore Plaintiff's efforts to utilize the proper grievance procedure (as Plaintiff contends), and then argue that Plaintiff did not property exhaust his administrative remedies. *See Brown v. Croak*, 312 F.3d 109, 113 (3d Cir. 2002) (holding that because prison officials thwarted plaintiff's efforts to exhaust his remedies, the grievance procedure was not "available" to plaintiff within the meaning of § 1997e(a)); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (holding that a remedy that prison officials prevent a prisoner from utilizing is not an "available" remedy under § 1997e(a)); *see also Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005) (holding that what information prison officials provide to a prisoner concerning the operation of the prison's grievance procedure is pertinent because "it informs our determination of whether relief was, as a practical matter, 'available'").

    B. *Griffin v. Arpaio* is Unavailing to Defendants.

Defendants also submit a case citation in support of their motion to dismiss, citing to the Ninth Circuit's recent decision in *Griffin v. Arpaio*, 2009 U.S. App. LEXIS 4818 (9th Cir. Mar. 5, 2009). Dkt. No. 32. Defendants provide no argument along with the case citation. In any event, this case is unavailing to Defendants because it holds only that a prisoner must provide enough factual specificity in his or her grievance such that "it alerts the prison to the nature of the wrong for which redress is sought." *Griffin*, 2009 U.S. App. LEXIS 4818, at *7.

---

[1] This is particularly true given that Defendants "have the burden of raising *and proving* the absence of exhaustion." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (emphasis added).

REPORT AND RECOMMENDATION
PAGE - 6

In *Griffin*, the plaintiff did not tell the prison officials in his grievance that the remedy to his problem that had been ordered by a prison nurse had been ignored by the prison staff. Therefore, the prison officials, who were aware of the nurse's order, reasonably believed that the order fixed the problem. In view of these facts, the Ninth Circuit concluded that the plaintiff failed to properly exhaust his administrative remedies because he did not provide notice of the prison staff's alleged disregard of the nurse's order: the prison was consequently not alerted "to the nature of the wrong." *See id.* at *8. Here, on the other hand, reviewing Plaintiff's four grievances the Court cannot conclude that Plaintiff did not provide the Jail with enough factual information to determine "the nature of the wrong[s]" for which Plaintiff sought redress. *See id.*; *see also* Dkt. No. 22-3.

Accordingly, the Court finds that Plaintiff has exhausted most of his claims against Defendants that are included in his amended complaint. Specifically, the Court concludes that Plaintiff has exhausted his claims concerning the following: the shower drain being plugged and the resultant sewage discharge; the sinks being inoperable in his containment area; poor or no ventilation in his containment area; only one hour of recreation every ten days; only one change of clothing every seven to ten days; no law library access; and Defendant Pearson's alleged refusal of medication and medical treatment.[2] Plaintiff's remaining claims in his amended complaint are dismissed without prejudice for failure to exhaust administrative remedies.

///
///
///
///

---

[2] Again, Defendants' motion to dismiss is based *solely* on Plaintiff's alleged failure to exhaust administrative remedies. Therefore, whether or not Plaintiff has stated a claim for which relief can be granted with respect to some or all of these claims is not presently before the Court and the Court expresses no opinion thereon.

REPORT AND RECOMMENDATION
PAGE - 7

## IV. CONCLUSION

In view of the foregoing, the Court recommends that Defendants' motion to dismiss for failure to exhaust administrative remedies, Dkt. No. 18, be GRANTED IN PART and DENIED IN PART, and that Defendants be directed to file an answer. A proposed order accompanies this Report and Recommendation.

DATED this 9th day of April, 2009.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge