UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STACEY RAY STACH,

    Plaintiff,

v.

BILL ELFO, et al.,

    Defendants.

Case No. 08-cv-1199-JLR-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Stacey Ray Stach is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action against Whatcom County Jail personnel Bill Elfo, Wendy Jones, Mark Raymond and Joyce Pearson. Dkt. No. 6. The present matter comes before the Court on Defendants' motion for summary judgment, which is supported by declarations and exhibits. Dkt. Nos. 41-46. Plaintiff has not filed a response to the motion. Pursuant to Local Rule CR 7(b)(2), Plaintiff's failure to respond to defendants' motion amounts to an admission that the motion has merit. For the reasons discussed below, the Court recommends that Defendants' motion for summary judgment, Dkt. No. 41, be GRANTED and the complaint and this action be DISMISSED with prejudice.

## II. BACKGROUND

### A. Plaintiff's Claims

Plaintiff's amended complaint centers on Eighth Amendment deliberate indifference and cruel and unusual punishment claims against Defendants, which allegedly arose during Plaintiff's pretrial confinement at the Whatcom County Jail ("Jail") from October 20, 2006 to July 20, 2007. Dkt. No. 6. In his amended complaint and attached declaration, Plaintiff challenges the conditions of his confinement, alleging inmate overcrowding, unsanitary conditions, poor ventilation, lack of recreation time, only one change of clothing every seven to ten days, moldy food and being subjected to the threat of violence. *Id.* Plaintiff also alleges that he was denied access to the Jail's law library, medical treatment and medication, and his speedy trial rights. *Id.*

### B. Procedural History

Plaintiff filed his original § 1983 complaint on August 11, 2008. Dkt. No. 1. Plaintiff initially named Wendy Jones, Whatcom County Jail, Mark Raymond, Joyce Pearson, Whatcom County Jail Mental Health and Medical Department, Whatcom County, Whatcom County Sheriff's Department and Bill Elfo as defendants. Dkt. No. 4. Plaintiff subsequently filed an amended complaint on September 15, 2008 which named only Bill Elfo, Wendy Jones, Mark Raymond and Joyce Pearson as defendants. Dkt. No. 6.

On October 20, 2008, Defendants Elfo, Jones, Raymond and Pearson moved to dismiss Plaintiff's amended complaint solely on the basis of failure to exhaust administrative remedies. Dkt. No. 18. Plaintiff filed a response opposing the motion. Dkt. No. 22. On April 9, 2009, the Court granted in part and denied in part the motion. Dkt. No. 33, 37. The Court concluded that Plaintiff had exhausted his claims concerning the following: the shower drain being plugged and the resultant sewage discharge in his containment area; the sinks being inoperable in his containment area; poor or no ventilation in his containment area; only one hour of recreation every ten days; only one change of clothing every seven to ten days; no law library

access; and Defendant Pearson's alleged refusal of medication and medical treatment. Dkt. No. 33. Plaintiff's unexhausted claims were dismissed. *Id.* Because Defendants moved to dismiss Plaintiff's amended complaint solely on the basis of failure to exhaust administrative remedies, the Court expressed no opinion on whether Plaintiff had stated a claim for which relief can be granted with respect to his exhausted claims. *Id.*

The Court set discovery and motion deadlines in a Scheduling Order issued on May 7, 2009. Dkt. No. 36. In that Order, Plaintiff was advised pursuant to *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) as follows:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

Dkt. No. 36 (emphasis in original). Plaintiff was also advised that, pursuant to Local Rule CR 7(b)(2), a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the Court to be an admission that the motion has merit. *Id.*

On September 2, 2009, Defendants filed the instant motion for summary judgment. Dkt. No. 41. The motion was noted for consideration on October 2, 2009. *Id.* Accordingly, Plaintiff's response to the summary judgment motion was due no later than September 28, 2009. *See* Local Rule CR 7(d)(3). As of the date of this Report and Recommendation,

REPORT AND RECOMMENDATION
PAGE - 3

1  Plaintiff has not filed a response to the motion for summary judgment and the matter is now
2  ready for review.

### III. DISCUSSION

#### A. Summary Judgment Standard

"Claims lacking merit may be dealt with through summary judgment under Rule 56" of the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Summary judgment "shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if it constitutes evidence with which "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). That genuine issue of fact is "material" if it "might effect the outcome of the suit under the governing law." *Id.*

When applying these standards, the Court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *See United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir. 2006). The moving party can carry its initial burden by producing evidence that negates an essential element of the nonmoving party's claim, or by establishing that the nonmoving party does not have enough evidence of an essential element to satisfy its burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once this has occurred, the procedural burden shifts to the party opposing summary judgment, who must go beyond the pleadings and affirmatively establish a genuine issue on the merits of the case. Fed. R. Civ. P. 56(e). The nonmovant must do more than simply deny the veracity of everything offered by the moving party or show a mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The mere existence of a scintilla of evidence in support of the plaintiff's position is

1 likewise insufficient to create a genuine factual dispute. *Anderson*, 477 U.S. at 252. To avoid
2 summary judgment, the nonmoving party must, in the words of Rule 56, "set forth specific
3 facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving
4 party's failure of proof concerning an essential element of its case necessarily "renders all
5 other facts immaterial," creating no genuine issue of fact and thereby entitling the moving
6 party to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

      B.      <u>Plaintiff Has Failed To Demonstrate That His Rights Were Violated</u>.

In order to state a claim for relief under § 1983, a plaintiff must assert that he suffered: (1) a violation of rights protected by the Constitution or created by federal statute, (2) that was proximately caused (3) by conduct of a person (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *WAX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999). This requires the plaintiff to allege facts showing how a specific individual deprived the plaintiff of a specific right, causing the harm alleged in the plaintiff's complaint. *Arnold v. Int'l Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). The plaintiff can establish liability by showing that the defendant "personally participated" in a deprivation of the plaintiff's rights, or caused such a deprivation to occur. *Id.*

As previously mentioned, Plaintiff alleges that Defendants violated his constitutional rights due to: his conditions of confinement (the shower drain being plugged and the resultant sewage discharge in his containment area; the sinks being inoperable in his containment area; poor or no ventilation in his containment area; only one hour of recreation every ten days; and only one change of clothing every seven to ten days); his lack of access to the Jail's law library; and Defendant Pearson's alleged refusal of medication and medical treatment. Each issue will be addressed in turn below.

      1.      *Conditions of Confinement*

Under *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), a pretrial detainee, as Plaintiff was here, must not be subjected to conditions of confinement that amount to "punishment." *See*

*also Block v. Rutherford*, 468 U.S. 576, 583-84 (1984); *White v. Roper*, 901 F.2d 1501, 1504 (9th Cir. 1990). A court must decide whether the complained of condition "is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Bell*, 441 U.S. at 538.

Here, Plaintiff fails to demonstrate that any of the conditions of confinement of which he complains amounted to "punishment." Moreover, the Defendants have set forth evidence with their summary judgment motion in the form of declarations and exhibits demonstrating that there is no factual basis for Plaintiff's complaints regarding the alleged conditions of confinement, and Plaintiff has failed to contradict Defendants' evidence and create a genuine issue of material fact for trial.

### 2. *Access to Law Library*

While prisoners have a right of access to courts, the right "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). "[I]t is that capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to courts. *Id.* at 357. In addition, to establish a violation of the right of access to courts, a prisoner must establish that he or she has suffered an actual injury. *Id.* at 349.

Here, Plaintiff has failed to establish that Defendants denied him the capability of bringing challenges before the courts. Indeed, Defendants' evidence demonstrates that Plaintiff had outside legal representation during the period of his pretrial confinement. Dkt. No. 45 at 24. But even if Plaintiff could demonstrate that Defendants denied him the capability of bringing challenges before the courts, he has also failed to establish that he has suffered any actual injury as a result.

### *3. Medical Treatment*

As a pretrial detainee, Plaintiff's denial of medical treatment claim arises from the due process clause of the Fourteenth Amendment and not from the Eighth Amendment's prohibition against cruel and unusual punishment. *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). However, while Plaintiff's claim arises under the due process clause, the Eighth Amendment guarantees provide a minimum standard of care for determining his right to medical care. *Id.* Accordingly, Jail personnel violated Plaintiff's Eighth Amendment rights if they were "deliberately indifferent" to his medical needs. The indifference must be substantial, and prison officials have wide discretion regarding the nature and extent of medical treatment for prisoners. *Id.*

Here, Plaintiff has failed to establish that Defendants were deliberately indifferent to his medical needs. To the contrary, Defendants' evidence in support of their motion for summary judgment demonstrates that medical personnel at the Jail were very attentive to Plaintiff's medical needs, seeing him a total of ten times in nine months. Dkt. No. 45 at 8-11. Plaintiff also did not show up to three other appointments with Jail medical staff. *Id.* Moreover, each of Plaintiff's 19 inmate medical request slips was addressed by the Jail's medical personnel. *Id.* Plaintiff has failed to contradict Defendants' evidence and create a genuine issue of material fact for trial.

///
///
///
///
///
///
///
///

## IV. CONCLUSION

In view of the foregoing, the Court recommends that Defendants' motion for summary judgment, Dkt. No. 41, be GRANTED and the complaint and this action be DISMISSED with prejudice. Furthermore, this dismissal should count as a "strike" pursuant to 28 U.S.C. § 1915(g) because Plaintiff's claims are unsupported by evidence and are therefore frivolous. A proposed Order accompanies this Report and Recommendation.

DATED this 23rd day of October, 2009.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge